UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XILINX, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PAPST LICENSING GMBH & CO.KG,<br><br>    Defendant. | Case No. 14-CV-04963-LHK<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 50, 51, 55 |

Before the Court are three administrative sealing motions (ECF Nos. 50, 51, and 55) which were filed in connection with Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 52) and Defendant's Reply in support of Defendant's Motion to Dismiss (ECF No. 56).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of

1   overcoming the presumption with "compelling reasons supported by specific factual findings" that
2   outweigh the general history of access and the public policies favoring disclosure. *Kamakana*,
3   447 F.3d at 1178-79. Compelling reasons justifying the sealing of court records generally exist
4   "when such 'court files might have become a vehicle for improper purposes,' such as the use of
5   records to gratify private spite, promote public scandal, circulate libelous statements, or release
6   trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the
7   production of records may lead to a litigant's embarrassment, incrimination, or exposure to further
8   litigation will not, without more, compel the court to seal its records." *Id.* Motions to dismiss are
9   typically treated as dispositive. *In re PPA Prods. Liability Litig.*, 460 F.3d 1217, 1231 (9th Cir.
10  2006).

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.*

With these standards in mind, the Court rules on the instant motions as follows:

| **Motion to Seal** | **ECF No.** | **Document to be Sealed** | **Ruling** |
|---|---|---|---|
| 50 | 50-4 | Xilinx's Opposition to Papst's Motion to Dismiss | GRANTED as to the proposed redactions at 7:4-5 and 7:9-24; otherwise DENIED WITH PREJUDICE because the material sought to be sealed is not sealable. |
| 51 | 51-2 | Gonder Declaration in Support of Xilinx's Opposition to Papst's Motion to Dismiss | DENIED WITH PREJUDICE because the material sought to be sealed is not sealable. |

United States District Court
Northern District of California

| Motion to Seal | ECF No. | Document to be Sealed | Ruling |
|---|---|---|---|
| 51 | 51-3 | Exhibit 26, printouts from public websites. | DENIED WITH PREJUDICE because the material sought to be sealed is not sealable and Defendant's supporting declaration did not indicate otherwise. |
| 51 | 51-4 | Exhibit 27, printouts from public websites. | DENIED WITH PREJUDICE because the material sought to be sealed is not sealable and Defendant's supporting declaration did not indicate otherwise. |
| 51 | 51-5 | Exhibit 28, Licensing Candidate Overview slide deck. | DENIED WITHOUT PREJUDICE because the request is not "narrowly tailored." Civ. L.R. 79-5(b). Defendant should identify which specific portions of this Exhibit that it seeks to seal. |
| 51 | 51-6 | Exhibit 29, Patent Purchase Agreement. | DENIED WITHOUT PREJUDICE because the request is not "narrowly tailored." Civ. L.R. 79-5(b). Defendant should identify which specific portions of this Exhibit that it seeks to seal. |
| 51 | 51-7 | Exhibit 30, Letter from FTE to Rambus. | DENIED WITH PREJUDICE because the material sought to be sealed is not sealable. |
| 55 | 55-4 | Defendant's Reply In Support of Motion to Dismiss | DENIED WITH PREJUDICE because the material sought to be sealed is not sealable. |

If the parties wish to file any renewed motions to seal consistent with this Order, the parties must do so within seven (7) days. For the motions denied with prejudice, the submitting party must file an unredacted version of the document within seven (7) days.

**IT IS SO ORDERED.**

Dated: July 9, 2015

*Lucy H. Koh*
LUCY H. KOH
United States District Judge