1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

XILINX, INC.,

                    Plaintiff,

        v.

PAPST LICENSING GMBH & CO. KG,

                    Defendant.

Case No. 14-CV-04963-LHK

**ORDER RE NOTICE OF COMPLIANCE WITH SEALING ORDER**

Re: Dkt. No. 67

On July 9, 2015, the Court granted in part and denied in part three administrative sealing motions filed in connection with Defendant Papst Licensing GMBH & Co. KG's motion to dismiss. *See* ECF No. 61. Before the Court is Plaintiff Xilinx, Inc.'s notice of compliance with the Court's sealing order. ECF No. 67. As part of Plaintiff's notice of compliance, Plaintiff filed newly redacted versions of two documents, ECF Nos. 51-5 and 51-6. The Court previously denied Plaintiff's motion to seal these two documents without prejudice. *See* ECF No. 61. Because filing redacted versions of the two documents effectively renews Plaintiff's motion to seal, the Court considers below whether the documents contain sealable information.

        "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of*

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*  Motions to dismiss are typically treated as dispositive. *In re PPA Prods. Liability Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006).

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5.  Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  Civ. L.R. 79-5(b).  "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.*

Below, the Court applies the "compelling reasons" standard to Plaintiff's renewed request to seal documents in connection with Defendant's motion to dismiss.  With these standards in mind, the Court rules as follows:

Case No. 14-CV-04963-LHK
ORDER RE NOTICE OF COMPLIANCE WITH SEALING ORDER

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 67 | Compelling Reasons | Declaration of Jason M. Gonder in support of Plaintiff's Opposition, Exhibit 28 (Licensing Candidate Overview slide deck) | DENIED with prejudice as to the proposed redactions on Papst-Juris-0123 and Papst-Juris-0125.  The Court will not seal publicly available information.  Otherwise, GRANTED as to the proposed redactions. |
| 67 | Compelling Reasons | Declaration of Jason M. Gonder in support of Plaintiff's Opposition, Exhibit 29 (Patent Purchase Agreement) | DENIED with prejudice as to the proposed redactions on Papst-Juris-0338, § 1.1.  The Court will not seal publicly available information.  *See* No. 14-CV-04794, ECF No. 64.  Otherwise, GRANTED as to the proposed redactions. |

Plaintiff shall file redacted versions of Exhibits 28 and 29 to the Declaration of Jason M. Gonder consistent with this order within seven (7) days.

The Court notes that Defendant has failed to publicly file ECF No. 55-4, Defendant's reply brief in support of Defendant's motion to dismiss.  The Court denied Defendant's motion to seal ECF No. 55-4 with prejudice on July 9, 2015.  ECF No. 61.  The Court also ordered that, for motions denied with prejudice, "the submitting party must file an unredacted version of the document within seven (7) days."  *See id.*  Over five months have passed since the Court's sealing order.  The Court referred to ECF No. 55-4 in ruling on Defendant's motion to dismiss.  ECF No. 62.  Accordingly, Defendant is ORDERED to publicly file an unredacted version of ECF No. 55-4 within seven (7) days of this order.  Further delay in compliance with the Court's orders may result in sanctions.

**IT IS SO ORDERED.**

Dated:  December 28, 2015

_____
LUCY H. KOH
United States District Judge

United States District Court
Northern District of California